UNITED STATES BANKRUPTCY COURT
DISTRICT OF
DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| Steven H Stover | § | Case No. 8:12-08225-KRM |
| | § | |
| Debtor(s) | § | |

### TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter     of the United States Bankruptcy Code was filed on        . The undersigned trustee was appointed on        .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of                $

   Funds were disbursed in the following amounts:

   Payments made under an interim
   disbursement
   Administrative expenses
   Bank service fees
   Other payments to creditors
   Non-estate funds paid to 3rd Parties
   Exemptions paid to the debtor
   Other payments to the debtor

   Leaving a balance on hand of[1]        $

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

Case 8:12-bk-08225-KRM   Doc 30   Filed 11/14/13   Page 2 of 12

     5.  Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

     6.  The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

     7.  The Trustee's proposed distribution is attached as **Exhibit D**.

     8.  Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

     The trustee has received $_____ as interim compensation and now requests a sum of $_____, for a total compensation of $_____[2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $_____, and now requests reimbursement for expenses of $_____, for total expenses of $_____[2].

     Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____   By:/s/Angela Stathopoulos_____
                                                  Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

| Case No: | 12-08225 | KRM | Judge: | K. Rodney May | Trustee Name: | Angela Stathopoulos |
|---|---|---|---|---|---|---|
| Case Name: | Steven H Stover | | | | Date Filed (f) or Converted (c): | 05/29/2012 (f) |
| | | | | | 341(a) Meeting Date: | 06/29/2012 |
| For Period Ending: | 11/06/2013 | | | | Claims Bar Date: | 01/14/2013 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. PROPERTY AND LOT LOCATED AT 138 PERSHING ST NE, <br><br>D wants to keep but did not claim exempt | 80,229.00 | -43,737.45 | | 0.00 | FA |
| 2. TOWNHOUSE LOCATED AT 71 16TH ST S, ST PETERSBURG <br><br>surrendering | 53,080.00 | -204,259.56 | OA | 0.00 | FA |
| 3. BANK OF AMERICA, CHECKING ACCOUNT ENDING IN 2893 <br><br>per FD stmt | 207.86 | 207.86 | | 207.86 | FA |
| 4. SECURITY DEPOSIT WITH PROGRESS ENERGY | 480.00 | 480.00 | | 480.00 | FA |
| 5. LIVING ROOM, DINING ROOM, BEDROOM FURNITURE, WAS <br><br>Imported from original petition Doc# 1 | 1,000.00 | 0.00 | | 0.00 | FA |
| 6. BOOKS AND PICTURES | 25.00 | 25.00 | | 25.00 | FA |
| 7. CLOTHING | 100.00 | 100.00 | | 100.00 | FA |
| 8. MISCELLANEOUS JEWELRY | 50.00 | 50.00 | | 50.00 | FA |
| 9. KAYAK AND MISCELLANEOUS SPORTS EQUIPMENT | 100.00 | 100.00 | | 100.00 | FA |
| 10. 401(K) WITH HEWITT <br><br>Imported from original petition Doc# 1 | 18,563.00 | 0.00 | | 0.00 | FA |
| 11. ALLSTATE RETIREMENT PLAN <br><br>Imported from original petition Doc# 1 | 31,130.49 | 0.00 | | 0.00 | FA |
| 12. 2012 INCOME TAX REFUND <br><br>2012 TR of $915; 42% ppty of estate | Unknown | 1,000.00 | | 384.30 | FA |
| 13. 2000 JEEP WRANGER SE SPORT UTILITY 2D - 61,500 M | 9,064.00 | 8,064.00 | | 8,064.00 | FA |
| 14. 2004 SUZUKI DR 2 124CC | 500.00 | 500.00 | | 500.00 | FA |

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

| Case No: | 12-08225 | KRM | Judge: | K. Rodney May | Trustee Name: | Angela Stathopoulos |
|---|---|---|---|---|---|---|
| Case Name: | Steven H Stover | | | | Date Filed (f) or Converted (c): | 05/29/2012 (f) |
| | | | | | 341(a) Meeting Date: | 06/29/2012 |
| For Period Ending: | 11/06/2013 | | | | Claims Bar Date: | 01/14/2013 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 15. 2007 BAJA MOTORSPORTS 90 CC | 250.00 | 250.00 | | 250.00 | FA |
| 16. MISCELLANEOUS TOOLS | 100.00 | 100.00 | | 100.00 | FA |
| INT. Post-Petition Interest Deposits (u) | Unknown | N/A | | 0.00 | Unknown |

Gross Value of Remaining Assets

TOTALS (Excluding Unknown Values)          $194,879.35          ($237,120.15)          $10,261.16          $0.00

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

ASSET; D TO EITHER EXEMPT OUT HOUSE OR AS TO SELL (HE WANTS THE HOUSE) AND THEN AS TO DO BB WITH D ON OVERRAGE--06/29/12***Email to D atty re status of amendment or if D not keeping R/E--08/11/12***No amendment filed; email to D atty that D not entitled to super exmeptions since expressed intention to stay at propty and Zillow shows equity based upon neighboring home; requested copy of mtg payoff for FD---10/10/12***Email from D atty agreeing to amend exemptions and not claim super exmeptions; BB email sent to D atty for $9876.86 over 6 mos beg 11/1 PLUS $25 bank fee or lump sum and reminder to send 2012 TR--10/10/12**Email response to D atty wd not agree to reduced lump sum payment of $9K and wd do either full amt with no bank fees or in terms plus bank fee--10/10/12***FU with D atty re BB offer for terms to prepare RNS for lump sum paymt for full balance within 30 days--10/22/12***lump sum pymt rec'd & RNS / BOS to be filed--11/12/12***follow-up on 2012 tax return/refund - last asset to administer then close...4/8/13***Email form D atty confirming sending 2012 TR; email to same demanding proof of when rec'd & AS to possibly pursue further bank fees--8/16/13***Email from D re unintentional delay in sending TR; no further issues and TFR ready--8/20/13***Review stover POC and telephone conferences re additional docs on vehicle loan; to be emailed--8/27/13

Initial Projected Date of Final Report (TFR): 05/01/2013          Current Projected Date of Final Report (TFR): 11/21/2013

**FORM 2**
**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**
Exhibit B

Case No: 12-08225  
Case Name: Steven H Stover  
Trustee Name: Angela Stathopoulos  
Bank Name: The Bank of New York Mellon  
Account Number/CD#: XXXXXX5666  
Checking Account  

Taxpayer ID No: XX-XXX0801  
For Period Ending: 11/06/2013  
Blanket Bond (per case limit):  
Separate Bond (if applicable): $0.00  

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 11/12/12 | | Steven Stover | bank accts, personal ppty, vehicles per RNS dated 10/24/12 | | $9,876.86 | | $9,876.86 |
| | | | Gross Receipts  $9,876.86 | | | | |
| | 4 | | SECURITY DEPOSIT WITH PROGRESS ENERGY  $480.00 | 1129-000 | | | |
| | 7 | | CLOTHING  $100.00 | 1129-000 | | | |
| | 8 | | MISCELLANEOUS JEWELRY  $50.00 | 1129-000 | | | |
| | 9 | | KAYAK AND MISCELLANEOUS SPORTS EQUIPMENT  $100.00 | 1129-000 | | | |
| | 14 | | 2004 SUZUKI DR 2 124CC  $500.00 | 1129-000 | | | |
| | 13 | | 2000 JEEP WRANGER SE SPORT UTILITY 2D - 61,500 M  $8,064.00 | 1129-000 | | | |
| | 15 | | 2007 BAJA MOTORSPORTS 90 CC  $250.00 | 1129-000 | | | |
| | 16 | | MISCELLANEOUS TOOLS  $100.00 | 1129-000 | | | |
| | 3 | | BANK OF AMERICA, CHECKING ACCOUNT ENDING IN 2893  $207.86 | 1129-000 | | | |
| | 6 | | BOOKS AND PICTURES  $25.00 | 1129-000 | | | |
| 11/30/12 | | The Bank of New York Mellon | Bank and Technology Services Fee | 2600-000 | | $25.00 | $9,851.86 |
| 12/31/12 | | The Bank of New York Mellon | Bank and Technology Services Fee | 2600-000 | | $25.00 | $9,826.86 |
| 01/23/13 | | Transfer to Acct # xxxxxx2772 | Transfer of Funds | 9999-000 | | $9,826.86 | $0.00 |

COLUMN TOTALS   $9,876.86   $9,876.86  
Less: Bank Transfers/CD's   $0.00   $9,826.86  

UST Form 101-7-TFR (5/1/2011) *(Page: 5)*   Page Subtotals:   $9,876.86   $9,876.86

| | | |
|---|---:|---:|
| Subtotal | $9,876.86 | $50.00 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $9,876.86 | $50.00 |

Exhibit B

FORM 2
**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

Case No: 12-08225  
Case Name: Steven H Stover  
Taxpayer ID No: XX-XXX0801  
For Period Ending: 11/06/2013  

Trustee Name: Angela Stathopoulos  
Bank Name: The Bank of New York Mellon  
Account Number/CD#: XXXXXX2772  
Checking  
Blanket Bond (per case limit):  
Separate Bond (if applicable): $0.00  

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 01/23/13 | | Transfer from Acct # xxxxxx5666 | Transfer of Funds | 9999-000 | $9,826.86 | | $9,826.86 |
| 02/07/13 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $10.00 | $9,816.86 |
| 03/07/13 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $13.18 | $9,803.68 |
| 04/05/13 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $14.58 | $9,789.10 |
| 05/07/13 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $14.08 | $9,775.02 |
| 06/07/13 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $14.53 | $9,760.49 |
| 07/08/13 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $14.04 | $9,746.45 |
| 08/07/13 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $14.49 | $9,731.96 |
| 08/20/13 | 12 | Steven Stover | 2012 Tax Refund | 1124-000 | $384.30 | | $10,116.26 |
| 09/09/13 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $14.67 | $10,101.59 |
| 10/07/13 | | The Bank of New York Mellon | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $14.54 | $10,087.05 |

|  |  |  |
|---|---:|---:|
| COLUMN TOTALS | $10,211.16 | $124.11 |
| Less: Bank Transfers/CD's | $9,826.86 | $0.00 |
| Subtotal | $384.30 | $124.11 |

**UST Form 101-7-TFR (5/1/2011)** *(Page: 7)*

Page Subtotals: $10,211.16  $124.11

| | | |
|---|---:|---:|
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $384.30 | $124.11 |

Exhibit B

Exhibit B

TOTAL OF ALL ACCOUNTS

| | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| XXXXXX2772 - Checking | $384.30 | $124.11 | $10,087.05 |
| XXXXXX5666 - Checking Account | $9,876.86 | $50.00 | $0.00 |
| | $10,261.16 | $174.11 | $10,087.05 |
| | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| | |
|---|---|
| Total Allocation Receipts: | $0.00 |
| Total Net Deposits: | $10,261.16 |
| Total Gross Receipts: | $10,261.16 |

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 8:12-08225-KRM
Case Name: Steven H Stover
Trustee Name: Angela Stathopoulos

Balance on hand $

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|---|
| 1 | Pinellas County Tax Collector | $ | $ | $ | $ |
| 6 | Central 16Th Urban Homes Hoa | $ | $ | $ | $ |

Total to be paid to secured creditors $_____

Remaining Balance $_____

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Angela Stathopoulos | $ | $ | $ |
| Trustee Expenses: Angela Stathopoulos | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses $_____

Remaining Balance $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $       must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $       have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be       percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 2 | Pyod, Llc Its Successors And Assigns As Assignee | $ | $ | $ |
| 3 | Pyod, Llc Its Successors And Assigns As Assignee | $ | $ | $ |
| 4 | Bill Stover | $ | $ | $ |
| 5 | N. A. Capital One | $ | $ | $ |

Total to be paid to timely general unsecured creditors          $_____

Remaining Balance          $_____

Tardily filed claims of general (unsecured) creditors totaling $       have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be       percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $       have been allowed and will be paid *pro* *rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be      percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE